**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **Frances S. Flowers,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 13-1744** |
| | § | |
| **Sun Gro Horticulture Processing Inc.,** | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Frances S. Flowers ("Flowers") and files this, her Original Complaint against Defendant Sun Gro Horticulture Processing Inc., ("SunGro" or "Defendant") concerning certain grievances arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq, Title VII, 42 U.S.C. § 2000e, *et seq.,* and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*. In support thereof Plaintiff respectfully states as follows:

**I. JURISDICTION AND VENUE**

1.      This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331, 1343(a)(4), and 29 U.S.C. §626. The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Commission on Human Rights Act and Texas Law because those claims are so related to the claims in the action with the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

2.      Venue is proper in this district under 28 U.S.C. § 1391.

## II. PARTIES

3.      Plaintiff is a female over the age of 40 years old.

4.      Defendant Sun Gro Horticulture Processing Inc. is a foreign for-profit corporation registered and doing business in the state of Texas and can be served with process through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## III.  FACTUAL BACKGROUND

5.      Defendant SunGro is the leading producer of peat moss in North America, providing peat-based and bark-based growing mixes for professional and retail markets. SunGro harvests high-quality peat from bogs located throughout Canada and the northern United States, which is supplied via 28 facilities located across North America, using over 800 employees. SunGro's corporate office is now based in Agawam, Massachusetts at 770 Silver Street, 01002, but previously operated a satellite mix plant at 9752 C.R. 310, Terrell, TX 75161 and currently operates a satellite plant in Marshall, Texas.

6.      SunGro is an "employer" within the meaning of 29 U.S.C. § 630(b) and TEX. LAB. CODE § 21.002(8).

7.      Frances Flowers is currently sixty-two years old. SunGro terminated Flowers when she was sixty-one years old.

8.      Flowers began working for SunGro in February of 1999, providing over a decade of outstanding service to SunGro before being terminated on December 30, 2011.

9.      Flowers began employment with SunGro as a Customer Resource Representative. In March of 2008, Flowers' excellent performance was recognized by Defendant by promoting her to Business Development Manager. Despite her excellent performance Flowers was paid less

than her male counterparts; Sean Cuda, Blair Busenbark, and Robert Lapointe. Flowers was the only female Business Development Manager.

10.     In late 2010, Flowers' excellent performance was again recognized by Defendant by promoting her to the position of General Manager of the Terrell, Texas, mix-plant. Yet again, despite her excellent performance, Flowers was paid less than her male counterparts; Dana Rock, Steve Larson, Dan Johnson, Dean Daniel, Steve Doolin, Bill Bumpass, and Matt Biegler. Flowers  was the only female General Manager. Despite being made General Manager, Flowers had hit the glass ceiling as Defendant employed an all-male Leadership Team.

11.     Defendant operates their business under a "good 'ol boy" environment where women are not paid equal wages for equivalent work, fostering an environment where strippers have been brought in to the office for a female employee's birthday and failing to address issues of sexual harassment when reported by Flowers.

12.     During her employment with Defendant Flowers frequently voiced her opposition against sex discrimination within the company. In particular, Flowers raised complaints regarding inappropriate treatment of Ann Hart by a male employee.  SunGro in turn retaliated against Flowers for these complaints by closing the profitable mix-plant she managed in Terrell, Texas.

13.     Under Flowers' management the Terrell mix-plant was profitable in 2010 and through mid-year 2011. Attempting to increase the profitability of the plant, Flowers introduced recommendations and changes to Defendant. Defendant responded to Flowers by sending sales to a younger male counterpart in Pine Bluff, Arkansas.

14.     Specialist Grower Dr. Todd Cavin is privy to SunGro management declining Flowers' prospective sales and diverting those sales to a younger male in Pine Bluff, Arkansas.

15.     On October 19, 2011, Defendant informed Flowers that they were closing her Terrel mix-plant and that they were terminating her on December 30, 2011. Prior to the closing of the Terrell mix-plant Defendant promised Flowers, verbally and in writing, that if the Terrell mix-plant was closed Flowers would continue her employment with Defendant in a separate position.

16.     In December, 2011, despite receiving promises of employment from Defendant, Flowers was told by Vice President Robert Sytsma that there were no positions available for Flowers to fill.

17.     In an attempt to create a younger male workforce Defendant lied to Flowers about the availability of open positions. Historically, many positions were never posted but simply filled with male candidates. At the time of Flower's termination Defendant intentionally failed to publicly post open positions, failed to consider Flowers for open positions before laying her off and posted position openings within the company immediately after terminating Flowers.

18.     Former Human Resources Director Jerry Williams is privy to SunGro failing to post open positions until after Flowers was terminated.

19.     Defendant terminated Flowers and closed the profitable Terrell mix-plant on December 12, 2011, while unprofitable plants under Flowers' male-management counterparts remained open.

20.     In addition to Defendant discriminating against women, SunGro discriminated against older employees. Prior to her termination, Flowers witnessed a pattern of older women such as Kaylynn Wedeburg, Cindy Rose, Sally Kehle, and Jan Borys being terminated and replaced by younger males while retaining younger, less experienced and less successful males.

21.    The alleged reason for Plaintiff's termination, "lack of profitability at her mix-plant," is pretextual as shown by substantial evidence. Defendant demonstrated age and sex bias by showing preference to younger male employees, by providing them higher compensation than their female counterparts and retaining them in top positions despite performance poorer than their older female counterparts.

22.    Flowers timely filed an EEOC charge of discrimination for age and sex discrimination and retaliation on April 16, 2012. More than sixty days have elapsed since Flowers filed her EEOC charge.  This suit is filed within 90 days of receipt of her right to sue letter from the EEOC.  A request was made for a right to sue letter from the Texas Workforce Commission under the TCHRA.

## IV. CAUSES OF ACTION

### A.  AGE DISCRIMINATION AND RETALIATION

23.    Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein.

24.    Plaintiff has satisfied all jurisdictional prerequisites in connection with her claims under the ADEA and the TCHRA.

25.    Defendant's actions, including but not limited to the ultimate termination and retaliation of Plaintiff, were undertaken because of Plaintiff's age and age was a motivating factor in Defendants' actions, including but not limited to the ultimate termination of Plaintiff. These actions constitute a willful, continuing violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq.*

26.    Due to Defendant's actions, including but not limited to Plaintiff's ultimate

termination, Plaintiff has suffered, and continues to suffer, damages including but not limited to

lost wages, both past and future, the value of other fringe benefits, emotional pain, suffering,

inconvenience, mental anguish, and loss of enjoyment of life.

27.     Defendant's actions referenced in paragraphs 1 through 22 were willful, entitling

Plaintiff to liquidated damages under the ADEA.

28.     Defendant's actions referenced in paragraphs 1-22 were intentional, malicious,

and committed with reckless indifference to Plaintiff's state-protected rights, entitling Plaintiff to

compensatory and punitive damages under the Texas Labor Code Chapter 21.

29.     Defendant's actions referenced above in paragraphs 1-22 have caused Plaintiff to

retain the services of the undersigned counsel in order to pursue her federal rights in this action.

Plaintiff seeks her reasonable attorneys' fees and costs in this matter.

### B.  SEX DISCRIMINATION AND RETALIATION

30.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1

through 22 as if fully stated herein.

31.     Plaintiff has satisfied all jurisdictional prerequisites in connection with her claims

under the Title VII and the TCHRA.

32.     Defendant's actions, including but not limited to the ultimate termination and

retaliation of Plaintiff, were undertaken because of Plaintiff's sex and sex was a motivating

factor in Defendant's actions, including but not limited to the ultimate termination of Plaintiff.

These actions constitute a willful, continuing violation of Title VII, 42 U.S.C. § 2000e, *et seq.,*

and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*.

33.     Due to Defendant's actions, including but not limited to Plaintiff's ultimate

termination, Plaintiff has suffered, and continues to suffer, damages including but not limited to

lost wages, both past and future, the value of other fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

34.     Defendant's actions referenced in paragraphs 1-22 were intentional, malicious, and committed with reckless indifference to Plaintiff's state-protected rights, entitling Plaintiff to compensatory and punitive damages under the Texas Labor Code Chapter 21.

35.     Defendant's actions referenced above in paragraphs 1-22 have caused Plaintiff to retain the services of the undersigned counsel in order to pursue her federal rights in this action. Plaintiff seeks her reasonable attorneys' fees and costs in this matter.

## V. JURY DEMAND

36.     Flowers requests a jury trial on all issues, claims, actions, and defenses in this case.

## VI. PRAYER

WHEREFORE, Plaintiff, respectfully requests that the above-named Defendant, SunGro be cited to appear in this matter and that, after jury trial, Plaintiff be awarded:

a.     Judgment against Defendant for lost wages and benefits, both back pay and front pay;

b.     Judgment against Defendant ordering Defendant to take such other reasonable actions as may be necessary to remedy the effects of Defendant's violations of 28 U.S.C. § 621, *et seq.,* Title VII, 42 U.S.C. § 2000e, *et seq.,* and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq.*;

c.     Judgment against Defendant for liquidated damages under 28 U.S.C. § 621, *et seq.*, as amended;

d.      In the alternative to front pay, judgment against Defendant reinstating Plaintiff to her position of employment, equivalent position of employment, or the position of employment she would have enjoyed but for the discrimination, if reinstatement is deemed feasible;

e.      Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

f.      Judgment against Defendant for punitive damages to the extent allowed under the law;

g.      Pre-judgment interest at the appropriate legal rate on all amounts awarded;

h.      Interest after judgment at the appropriate legal rate on all amounts awarded until paid in full;

i.      Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees;

j.      Costs of suit; and

k.      Such other and further relief to which Plaintiff may justly be entitled.

Dated: May 7, 2013                    Respectfully submitted,

                                      GILLESPIE, ROZEN & WATSKY, P.C.
                                      3402 Oak Grove Avenue, Suite 200
                                      Dallas, Texas 75204
                                      Phone: (214) 720-2009
                                      Fax: (214) 720-2291

                                      By:      /s/ Yona Rozen
                                              Yona Rozen
                                              ATTORNEY-IN-CHARGE
                                              State Bar No. 17958500
                                              Adam S. Greenfield
                                              State Bar No. 24075494


### CERTIFICATE OF SERVICE

        I certify that on May 7, 2013, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court for the Northern District of Texas using the court's electronic case file system.

                                      By:   /s/ Adam S. Greenfield
                                              Adam. S. Greenfield